# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLYN F. URBAN | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, | : | |
| POLICE DEPARTMENT | : | NO. 06-2391 |

## <u>ORDER-MEMORANDUM</u>

**Padova, J.**

  **AND NOW**, this 21st day of March, 2007, upon consideration of the Defendant's Motion to Dismiss (Docket No. 4) and Plaintiff's response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED**.  **IT IS FURTHER ORDERED** that this case is **DISMISSED,** with prejudice, in its entirety.  The Clerk shall close this case statistically.

  The Complaint alleges two claims of employment discrimination against the City of Philadelphia and its Police Department.  The Complaint avers that Plaintiff's application for employment as a police recruit was denied because of her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 626 ("ADEA").  The Complaint also alleges that Plaintiff's application was denied in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*("Title VII"), because she exceeded the weight guidelines for women, which are different from the weight guidelines for men.  The City of Philadelphia has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds: (1) the Complaint fails to state a claim against the City of Philadelphia for violation of the ADEA upon which relief may be granted because the ADEA permits age to be used as a factor in the hiring of police officers and (2) the Complaint fails to state a claim against the City of Philadelphia for violation of Title VII upon which relief may be granted because the Complaint does not allege that Plaintiff was qualified

for the police recruit position notwithstanding the weight requirement.[1]

I.      LEGAL STANDARD

When determining a Motion to Dismiss pursuant to Rule 12(b)(6), the court may look only to the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The court must accept as true all well pled allegations in the complaint and view them in the light most favorable to the Plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).  A Rule 12(b)(6) motion will be granted when a Plaintiff cannot prove any set of facts, consistent with the complaint, that would entitle him or her to relief.  Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988).

II.     ADEA CLAIM

The Complaint alleges that Plaintiff was discriminated against in violation of the ADEA

---

[1]The City of Philadelphia also moves to dismiss the Police Department as a defendant in this case because the Police Department is an improper defendant.  The City of Philadelphia argues that the Police Department must be dismissed as a defendant in this case because it is not a separate legal entity.  We agree. Numerous cases have held that a municipal police department is not a separate legal entity that can be sued apart from the municipality.  See DeBellis v. Kulp, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001) ("In Section 1983 actions, police departments cannot be sued in conjunction with municipalities, because the police department is merely an administrative arm of the local municipality, and is not a separate judicial entity."); Lynch v. City of Philadelphia, Civ.A.No. 00-158, 2001 WL 752641, at *1 (E.D. Pa. June 29, 2001) (noting that "the Plaintiff's claim against the City of Philadelphia Police Department cannot proceed as it is not a separate legal entity that can be sued separately from the City of Philadelphia which is also a named Defendant") (citing Atkinson v. City of Philadelphia, Civ.A.No. 99-1541, 2000 WL 295106, at *2 (E.D. Pa. March 20, 2000)); Dooley v. City of Philadelphia, 153 F. Supp. 2d 628, 637 n.1 (E.D. Pa. 2001) (noting that the Philadelphia Police Department "is not a separate legal entity that can be sued apart from the City of Philadelphia") (citing Atkinson, 2000 WL 295106, at *2); Regalbuto v. City of Philadelphia, 937 F. Supp. 374, 377 (E.D. Pa. 1995) (stating that the City of Philadelphia police and fire departments are not separate legal entities which may be sued) (citing 53 Pa. Stat. Ann. § 16257 (West 1957)) ; Baldi v. Philadelphia, 609 F. Supp. 162, 168 (E.D. Pa. 1985); Philadelphia v. Glim, 613 A.2d 613, 616 (Pa. Commw. Ct. 1992)).  The Police Department is, accordingly, dismissed as a defendant in this action.

2

because her application for employment as a police recruit was denied based upon her age.  The

Complaint further alleges that Plaintiff was 57 years old at the time she applied.  The ADEA makes

it unlawful for an employer to "fail or refuse to hire . . . any individual . . . because of such

individual's age . . . ." 29 U.S.C. § 623(a)(1).  However, there is an exception in the statute which

applies to the hiring of police officers and firefighters by states and local municipalities:

> (j) Employment as firefighter or law enforcement officer. It shall not
> be unlawful for an employer which is a State, a political subdivision
> of a State, an agency or instrumentality of a State or a political
> subdivision of a State, or an interstate agency to fail or refuse to hire
> or to discharge any individual because of such individual's age if such
> action is taken
>
> * * *
>
> (2) pursuant to a bona fide hiring or retirement plan that is not a
> subterfuge to evade the purposes of this Act.

29 U.S.C. § 623(j).  "It is clear from the legislative history of [this section] that the objective was to

allow age as a factor in the hiring of police officers and firefighters because these groups have unique

employment requirements." Brophy v. Philadelphia Police Dep't, Civ.A.No. 03-4139, 2004 U.S.

Dist. LEXIS 14665, at *11-*12 (E.D. Pa. July 29, 2004) (citing 142 Cong. Rec. S11922 (1996)).

Philadelphia Civil Service Regulation 11.17, promulgated pursuant to the Philadelphia Home Rule

Charter, 351 Pa. Code § 7-400, was amended in 1982 to establish a maximum age of 35 years for

appointment of police officers.[2] Id. (citing 351 Pa. Code § 7-400 and Philadelphia Civil Service

Regulation 11.17).  The Complaint does not allege that this regulation was not enacted as a part of

---

[2]The City of Philadelphia states that Civil Service Regulation 11.17 was amended on June 28, 2006 to raise the maximum age for an applicant for a position as a police officer or firefighter to 40.  The Complaint does not allege the date on which Plaintiff applied for the position as police officer recruit.  Since she was older than 40 at the time of her application, it does not matter whether Regulation 11.17 had been amended before she applied for the position of police officer recruit.

a bona fide hiring plan or that it was enacted as a subterfuge to evade the purposes of the ADEA. Plaintiff exceeded the maximum age for appointment as a police officer when she applied for the job of police officer recruit.  As the ADEA does not prohibit a political subdivision of a state such as the City of Philadelphia from refusing to hire an individual who exceeds the maximum age for appointment to a position as a police officer where that maximum age is part of a bona fide hiring plan and not a subterfuge to evade the purposes of the Act, we find that the Complaint fails to state a claim for violation of the ADEA upon which relief may be granted.  See 29 U.S.C. § 623(j).

III.    THE TITLE VII CLAIM

        The Complaint also alleges that Plaintiff's application for the position as police recruit was rejected because she exceeded the City's weight standards for women.  The Complaint further alleges that this rejection violated Title VII because the City's weight standards for women are different from the weight standards for men.  In order to state a claim for discrimination in hiring pursuant to Title VII, the Complaint must allege the following:  "(1) the plaintiff belongs to a protected class; (2) [she] was qualified for the position; (3) [she] was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position."  Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Pivirotto v. Innovative Sys., Inc., 191 F.3d 344, 348 n.1, 352, 356 (3d Cir. 1999)).  The City contends that Plaintiff's Title VII claim fails to state a claim upon which relief may be granted because the Complaint does not allege that Plaintiff was qualified for the job of police recruit.  Indeed, the Complaint states that Plaintiff exceeded the age limit for appointment as a police officer in the City of Philadelphia at the

time she applied for the job.  Consequently, we find that Plaintiff was not qualified for the job of police recruit and the Complaint thus fails to state a claim for violation of Title VII upon which relief may be granted.

IV.     CONCLUSION

We find that the Complaint fails to state claims pursuant to the ADEA and Title VII upon which relief may be granted and the Motion to Dismiss is, therefore, granted.  The United States Court of Appeals for the Third Circuit has instructed that, "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile." Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (citing Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002)).  Since Plaintiff admits that she exceeded the age limit for appointment to the position of police officer in the City of Philadelphia at the time she applied for that position, we find that leave to amend the Complaint would be futile and this case is, therefore, dismissed with prejudice.

BY THE COURT:

/s/ John R. Padova

_____

John R. Padova, J.